**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Etta Reeves,

Plaintiff,

vs.

Metropolitan Life Insurance Co., et al.,

Defendants.

No. CV-07-1808-PHX-FJM

**ORDER**

The court has before it Metropolitan Life Insurance Co.'s ("MetLife") motion for summary judgment (doc. 12) and separate statement of facts (doc. 13), plaintiff's response (doc. 14) and separate statement of facts (doc. 15), and MetLife's reply (doc. 19).

**I**

Vicki Jackson (the "insured") was an employee of the United States Postal Service covered by a group life insurance policy. The postal service purchased the policy from MetLife pursuant to the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701, *et seq.*, which also partly governs administration of the policy.

Upon the death of a covered employee, proceeds are to be paid out according to a statutory order of precedence. Crucial to this action, proceeds are paid out "First, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing *received before death in the employing office*." 5 U.S.C. § 8705(a) (emphasis added).

If there is no designated beneficiary, proceeds go to a surviving spouse; if no surviving spouse, proceeds go to surviving children or their descendants; if none of the above, proceeds go to parents of the employee. Id. The insured was never married, had no children, and had not designated a beneficiary.

However, on May 5, 2003, the insured completed and signed, with two witnesses, an official designation of beneficiary form designating plaintiff Etta Reeves as the sole beneficiary of the policy. That morning, a friend of the insured, Bobbie Jo Nicol, mailed the form in a priority envelope from the Mesa, Arizona, post office to the insured's place of work at the post office on East Van Buren Street in Phoenix.[1] The insured died May 6, 2003, at approximately 11 p.m.

The designation of beneficiary form was stamped "received May 12, 2003" by personnel services at the Van Buren Street post office, six days after the insured's death. For some reason the document is also stamped "received June 30, 2003." DSOF, Ex. B. After the insured's death, the post office informed MetLife that the insured had no named beneficiary. On August 22, 2003, MetLife paid out the life insurance proceeds of $283,251.74 to the insured's parents, in accordance with the statutory order of precedence for an employee with no named beneficiary. DSOF ¶ 8. On August 25, 2003, MetLife received a claim for death benefits from plaintiff and the designation of beneficiary form dated May 5, 2003, naming plaintiff as beneficiary. Id. ¶¶ 9–10.[2]

---

[1] Though plaintiff asserts that the designation of beneficiary form "was entrusted to the U.S. Post Office the morning of May 5, 2003," Response at 3, there appears to be no serious contention that the insured's "employing office" was anywhere other than the Van Buren Street post office.

[2] Plaintiff does not dispute these facts from defendant's statement of facts. We note that plaintiff did not comply with LRCiv 56.1(b), requiring a party opposing a motion for summary judgment to file a controverting statement of facts that specifically addresses, paragraph by paragraph, the movant's statement of facts.

**II**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The opponent may not merely rest on the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed. R. Civ. P. If we conclude that plaintiff has failed "to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial," then there is no genuine issue of material fact, and defendant will be entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

In this action, it is plaintiff's burden to establish by a preponderance of the evidence that the designation of beneficiary form was received by the Van Buren Street post office prior to the death of the insured on the night of May 6, 2003. Defendant has put forth evidence that the form was stamped "received" by personnel services at the post office on May 12, 2003. DSOF, Ex. A ¶ 16; DSOF, Ex. B. But defendant does not claim any conclusive legal significance to the date stamp. Rather, with this motion, defendant contends that plaintiff's evidence is insufficient as a matter of law to establish that the form was timely received. Motion at 1.

In response, plaintiff presents an affidavit from Bobbie Jo Nicol, stating that she mailed the designation of beneficiary form to the Van Buren Street post office from Mesa on Monday, May 5, 2003. PSOF, Ex. D. Plaintiff contends that "common sense would indicate that [the form] was received at another post office less than 20 miles distant within the next 36 hours." Response at 5–6. Plaintiff also presents her own affidavit asserting that she was told by Van Buren Street post office employees that there was short staffing in the personnel office the week of May 5, 2003. PSOF, Ex. A ¶ 11. This, she suggests, could have caused significant delay between actual receipt of the form and the "received May 12, 2003" date stamp. Id.

Without more, the fact that the beneficiary form was mailed on May 5, 2003, is insufficient to show that it was received the very next day. In Schikore v. Bankamerica Supplemental Retirement Plan, 269 F.3d 956, 961 (9th Cir. 2001), the court employed the common law mailbox rule, which "provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time." Here, however, plaintiff has put forth no evidence that the "usual time" for cross-town priority mailing is one day.

Furthermore, in Vacek v. U.S. Postal Service, 447 F.3d 1248, 1251–52 (9th Cir. 2006), the court refused to employ the mailbox rule because the statute that controlled that case, the Federal Tort Claims Act, is "strictly construed." Because administrative convenience and speedy payment are paramount policies of FEGLIA, it too is strictly construed. Ward v. Stratton, 988 F.2d 65, 67 (8th Cir. 1993). Thus, plaintiff is likely not entitled to the presumption afforded by the mailbox rule.

Plaintiff's own affidavit about short-staffing at the Van Buren Street post office does not comply with Rule 56(e), Fed. R. Civ. P., which states that affidavits opposing a motion for summary judgment "must be made on personal knowledge [and] set out facts that would be admissible in evidence." Plaintiff's affidavit is not based on personal knowledge and it contains hearsay. Furthermore, even if admissible, evidence of staffing problems in the personnel office the week of May 5, 2003, might tend to prove that the form was received before the date stamp "received May 12, 2003," but it is scarcely probative that the form arrived on May 6, 2003, the only date that matters.

The standard for summary judgment mirrors the standard for judgment as a matter of law under Rule 50(a), Fed. R. Civ. P. Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Thus, summary judgment is appropriate if we find "that a reasonable jury would not have a legally sufficient evidentiary basis" to find for the opponent. Rule 50(a), Fed. R. Civ. P. We conclude that plaintiff has failed to establish a sufficient evidentiary basis for her claim that the designation of beneficiary form was received before the death of the insured.

Though we have accepted the parties' presentation of the case and grant summary judgment on that basis, we note in passing that the undisputed evidence is that, after the insured's death, the post office informed MetLife that the insured had died without a designated beneficiary.[3] DSOF ¶ 7. Plaintiff asserts that there is "no question but [that] the United States Post Office, the employer of the [insured], knew of the beneficiary designation before the funds were paid out." Response at 5. But this strikes us as irrelevant to MetLife's liability. Nowhere does plaintiff contend that MetLife had knowledge of the designation of beneficiary form before paying out on the policy.

## III

For the foregoing reasons, **IT IS HEREBY ORDERED GRANTING** defendant's motion for summary judgment (doc. 12). The clerk is directed to enter final judgment.

DATED this 6th day of June, 2008.

Frederick J. Martone
Frederick J. Martone
United States District Judge

---

[3] Under the terms of the policy, "Payment shall be made to the Beneficiary of record of the Employee . . . immediately after receipt of such proof [of death] and of proof that the claimant is entitled to such payment." Policy § 5, DSOF, Ex. 1 at 3.